CHARLES R. CURTIS v. STEPHEN H. NORTON.

*Injunction—Interference with mill-power—Sale of mill—Maps.*

1. Injunction lies at the suit of one who has purchased a mill on the foreclosure of a mortgage thereon, to restrain the former owner from meddling with the dam and race to complainant's injury, if they are the only source of supply and remain on the latter's prem ises.

2. The sale of a mill and of the power therefor presumably includes the actual appurtenances as between the parties, if not as to strangers.

3. Maps or plans ought to be furnished in the record where the case is unintelligible without.

Appeal from Cass. (A. J. Smith, J.) Oct. 29.—Nov. 4.

INJUNCTION bill. Complainant appeals. Affirmed.

*O. W. Coolidge* for complainant.

*F. J. Atwell* for defendant.

CAMPBELL, J. Complainant is owner of a mill at Pokagon in Cass county, the title to which is traced through mortgage foreclosures back to defendant, who owned it in 1869. In that year, and before he mortgaged to Mr. Paine, complainant's grantor, defendant, placed his dam on a piece of land which is not included in the mill lands as specifically described, and this dam and the race connected with it furnished the water to the mill. Complainant bought in 1883 when defendant was in possession. After defendant went out, he let out the water from his dam, and the bill in this case was filed to enjoin him against meddling with it to complainant's detriment. The court below granted the relief prayed, and defendant appealed.

The case comes up in an unsatisfactory shape, with nothing in the printed record from which we can understand the precise positions of the premises in question and those near by. But enough appears to show that defendant is interfering with the only supply which was adequate for the mill and connected with it. Presumptively the sale of a mill and power will include the actual appurtenances, as between the parties, if not as to strangers. We see nothing in the case as printed to satisfy us that the circuit judge, whose familiarity with the neighborhood probably accounts for the omission to furnish maps and plans to us who are not familiar with it, did not come to a correct conclusion on the facts and law of the case. It is not likely that any one understood

that complainant was buying a practically useless mill, or one which could not be run without a new race and dam.

We think the decree should be affirmed with costs.

The other Justices concurred.